UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM J. WISE,

        Plaintiff,

v.

EAST GRAND RAPIDS DEPARTMENT OF
PUBLIC SAFETY,

        Defendant.

_____/

Case No. 1:22-cv-389

Hon. Janet T. Neff

## REPORT AND RECOMMENDATION

This is a civil action brought by *pro se* plaintiff William J. Wise ("Wise") against defendant East Grand Rapids Department of Public Safety (EGRDPS). This matter is now before the Court on defendant's motion to dismiss (ECF No. 11).

### I.      Background

This is Wise' second lawsuit filed against EGRDPS (and his third lawsuit overall) arising from incidents at the East Grand Rapids Middle School. *See Wise v. East Grand Rapids Department of Public Safety et al*, 1:20-cv-1262 (W.D. Mich.) (dismissed Sept. 9, 2022) ("*Wise v. EGRDPS I*") and *Wise v. East Grand Rapids Public School District et al*, 1:20-cv-1263 (W.D. Mich) (dismissed July 12, 2022) ("*Wise v. EGRPSD*").

Although Wise named EGRDPS as the only defendant in the present lawsuit, he refers to "Defendants" and seeks relief against non-parties. Wise alleged that "defendants" retaliated against him by "refusing to investigate a Filed Police Report Complaint by the Plaintiff on or around March 1, 2022, and Tampering with the provided evidence supplied by the Plaintiff." Compl. (ECF No. 1, PageID.1). Wise alleged that,

the Defendants intentionally took adverse action against the Plaintiff due to the Plaintiff filing a Title VI Federal Discrimination and Retaliation Complaints against the Defendants, participation in other Investigations, and Whistleblowing. *1:20-cv-1262*, *1:20-cv-1263*.

*Id*.

Wise alleged that EGRDPS "intentionally retaliated against the Plaintiff by, falsely communicated information, to protect the Defendants [sic] from exposure, negatively impacting the Plaintiff's Filed Police Complaint" and that "Defendants [sic] intentionally neglected to follow their own Policies and Procedures." *Id*. at PageID.2. Plaintiff recites that:

> **The Anti-Retaliation provision of the Title VI provides that, "No recipient or other person shall intimidate, threaten, coerce, or discriminate against any individual for the purpose of interfering with any right or privilege secured by Section 601 and 504 of the Civil Rights Act or this part, or because he has made a complaint, testified, assisted, or participated in any manner in an investigation, proceeding , or hearing.** ["] *1979 Cannon v. University of Chicago* [sic]

*Id*. (emphasis in original).[1]

Wise seeks $100,000 for Title VI retaliation and "demands" that four non-parties, Raymond Scott Kolster, EGRDPS Chief Mark Herald, East Grand Rapids (EGR) City Manager Shea Charles and EGR City Attorney John Huff "be reprimanded and or resign immediately." *Id*. at PageID.2. Wise also wants someone to "[c]reate a separate Internal Affairs Department (IAD) without the conflict of interest by EGRDPS." *Id*. at PageID.2.

Wise then filed what he refers to as a "Brief in Support" of his complaint (ECF No. 7). Wise begins his brief stating the Michigan statute of limitations to file a Misdemeanor Assault and Battery Complaint, refers to incidents which occurred in his previous federal cases filed in this Court (case nos. 1:20-cv-1262 and 1:20-cv-1263), recites 34 paragraphs of interactions with various officials, and ends the brief stating that "[i]n conclusion, the continued neglect and

---

[1] Wise is apparently referring to *Cannon v. University of Chicago*, 441 U.S. 677 (1979).

intentional retaliation acts of the Defendants are highly alarming based on the reputation of EGR

Township."  Brief at PageID.7-11.

### II.    Legal Standard

Defendant has moved to dismiss this action for failure to state a claim upon which

relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).  A complaint may be dismissed for

failure to state a claim if it fails to give the defendants a fair notice of the claim and the grounds

upon which it rests.  *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007).

> [A] complaint must contain sufficient factual matter, accepted as true, to
> state a claim to relief that is plausible on its face.  A claim has facial plausibility
> when the plaintiff pleads factual content that allows the court to draw the reasonable
> inference that the defendant is liable for the misconduct alleged.  The plausibility
> standard is not akin to a probability requirement, but it asks for more than a sheer
> possibility that a defendant has acted unlawfully.  Where a complaint pleads facts
> that are merely consistent with a defendant's liability, it stops short of the line
> between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)  (internal citations and quotation marks omitted).

In making this determination, the complaint must be construed in the light most

favorable to the plaintiff, and its well-pleaded facts must be accepted as true.  *Morgan v. Church's*

*Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).  While *pro se* pleadings are to be liberally

construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "this court is not required to

conjure up unpled allegations." *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004).

### III.    Discussion

#### A.    Non-party individuals referenced in the complaint

Wise has filed a threadbare complaint against EGRDPS.  This brief pleading sets

out few facts and contains conclusory statements of retaliation.  Wise's complaint amounts to little

3

more than "an unadorned, the - defendant - unlawfully - harmed - me accusation" which is

insufficient to state a claim for relief.  *See Iqbal*, 556 U.S. at 678.[2]

Although Wise is suing only EGRDPS, he is demanding employment-related

sanctions against non-parties Raymond Scott Kolster, EGRDPS Chief Mark Herald, EGR City

Manager Shea Charles, and EGR City Attorney John Huff.   Wise cannot seek relief against

individuals who are not parties to the lawsuit.

Even if Wise had sued these individual defendants, he has no claims against them.

As the Court explained in Wise's previous Title VI case against EGRDPS and a number of

individual defendants (which included Raymond Scott Kolster and John Huff):

> All of Wise's claims are for alleged violations of Title VI, which provides
> that:
>  No person in the United States shall, on the ground of race, color,
> or national origin, be excluded from participation in, be denied the
> benefits of, or be subjected to discrimination under any program or
> activity receiving Federal financial assistance.
>
> 42 U.S.C. § 2000d. . . .
>
> Wise's claims against the individual defendants are without merit.  First,
> Wise makes no allegations against [individual] defendants Tobias and Huff.  "It is
> a basic pleading essential that a plaintiff attribute factual allegations to particular
> defendants."  *Cassaday v. Food & Drug Administration*, No. 1:22-cv-558, 2022
> WL 2663092 at *2 (W.D. Mich. July 11, 2022).  *See Twombly*, 550 U.S. at 555 (in
> order to state a claim, a plaintiff must make sufficient allegations to give a
> defendant fair notice of the claim).  Accordingly, Wise's claims against defendants
> Tobias and Huff, being unsupported by any allegations and frivolous, should be
> dismissed on this ground.
>
> Second, Wise cannot sue any of the individual defendants under Title VI.
> A plaintiff's action under Title VI is brought against the entity receiving federal
> funds. *See Buchanan v. City of Bolivar, Tenn.*, 99 F.3d 1352, 1356 (6th Cir.1996)

---

[2] While Wise's "Brief" contains a confusing and at times unintelligible recitation of events, it is not a pleading and the Court will not construe it as such.  At hearings held in *Wise v. EGRDPS I* and *Wise v. EGRPSD*, the Court advised Wise that his pleadings must follow the Federal Rules of Civil Procedure. *See Wise v. EGRDPS I* (ECF No. 47) (Aug. 19, 2021) ("For the reasons discussed in detail" at the hearing, the Court struck plaintiff's complaint "because it fails to comply with the Federal Rules of Civil Procedure" and ordered plaintiff to "file a First Amended Complaint . . . which complies with the redaction requirements of Rule 5.2(a), the general rules of pleading set forth in Rule 8, and the form of pleadings set forth in Rule 10."); *Wise v EGRPSD* (Order) (ECF No. 51) (Aug. 20, 2021) (same).

(the plaintiff's Title VI claim failed because it was brought against individuals, "not against the school, the entity allegedly receiving the financial assistance."); *Farm Labor Organizing Committee v. Ohio State Highway Patrol*, 95 F.Supp.2d 723, 741 (N.D. Ohio 2000) ("The proper defendant in a Title VI case is an entity rather than an individual.") (internal quotation marks omitted); *Gwanjun Kim v. Grand Valley State University*, No. 1:11-cv-233, 2012 WL 1033985 at *7 (W.D. Mich. Feb. 2, 2012), R&R *adopted*, 2012 WL 1032704 (W.D. Mich. March 27, 2012), *affirmed* No. 12-1401 (Order) (6th Cir. Feb. 11, 2013) (individual defendants are not subject to liability under Title VI).   Accordingly, Wise's claims against the individual defendants, Wallace, Buikema, Kolster, Wardrop, Tobias, Huff, and Moore should be dismissed.

*Wise v. EGRDPS I*, 2022 WL 4124948 at *3-4, *R&R adopted*, 2022 WL 4120757 (W.D. Mich. Sept. 9, 2022).  For these same reasons, Wise's complaint should be dismissed to the extent that he seeks relief against any individual defendants.

### C.   Wise's Title VI claim against EGRDPS

Title VI's anti-retaliation provision states:

No recipient or other person shall intimidate, threaten, coerce, or discriminate against any individual for the purpose of interfering with any right or privilege secured by section 601 of the [Civil Rights] Act or this part, or because he has made a complaint, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this part.

*Wilbanks v. Ypsilanti Community Schools*, 742 Fed. Appx. 84, 86-87 (6th Cir. 2018) (quoting 34 C.F.R. § 100.7(e)).  *See Diemond v. Michigan Department of Corrections*, No. 1:20-cv-473, 2020 WL 3481540 at *9 fn 4 (W.D. Mich. June 26, 2020) (citing *Wilbanks*).  Wise does not allege direct evidence of retaliation. To establish a claim of retaliation, Wise must allege that (1) he engaged in activity that is protected by Title VI; (2) EGRDPS knew of the protected activity; (3) EGRDPS took a materially adverse action against Wise or subjected him to severe and pervasive retaliatory harassment; and (4) there was a causal connection between the protected activity and the materially adverse action.  *See Ross v. Michigan State University Board of Regents*, 837 F. Supp. 2d 712,

718-19 (W.D. Mich. 2011), *affirmed sub nom. Ross v. Michigan State University Board of Trustees*, No. 11-2278, 2012 WL 3240261 (6th Cir. June 20, 2012).

However, before Wise can seek relief for retaliation under Title VI, he must first allege that his claim falls within Title VI.  The Court has been down this road before.  Here, as in his previous lawsuit against EGRDPS, Wise failed to allege that defendant receives federal funding.  As the Court previous stated,

> It is axiomatic that a plaintiff cannot sue a defendant under Title VI without establishing that the defendant receives federal funds.  To maintain a private right of action under 42 U.S.C. § 2000d, a plaintiff must first prove the threshold requirement that the program from which the plaintiff was excluded receives federal financial assistance. *See Buchanan*, 99 F.3d at 1356.  Wise has failed to allege that defendant EGRDPS receives federal financial assistance.  Accordingly, Wise's claims against EGRDPS complaint should be dismissed.

*Wise v. EGRDPS I*, 2022 WL 4124948 at *4.  Wise's present complaint against EGRDPS should dismissed for the same reason.

## IV.    Recommendation

Accordingly, I respectfully recommend that defendants' motion to dismiss (ECF No. 11) be **GRANTED** and that this case be **TERMINATED**.

Dated:  February 8, 2023                         /s/ Ray Kent
                                                 RAY KENT
                                                 United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).