UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM J. WISE,

    Plaintiff,

v.

EAST GRAND RAPIDS DEPARTMENT OF
PUBLIC SAFETY,

    Defendant.
_____/

Case No. 1:22-cv-389

HON. JANET T. NEFF

**OPINION AND ORDER**

This is Plaintiff William J. Wise's second lawsuit against Defendant East Grand Rapids Department of Public Safety (EGRDPS). *See Wise v. EGRDPS et al.*, No. 1:20-cv-1262 (W.D. Mich.). Like the first lawsuit, Plaintiff alleges that Defendant retaliated against him in violation of Title VI (ECF No. 1). The matter was referred to the Magistrate Judge, who issued (1) an Order denying Plaintiff's motion for default judgement (ECF No. 39); (2) an Order granting Defendant's motion for sanctions (ECF No. 40), and (3) a Report and Recommendation (R & R), recommending that the Court grant Defendant's motion to dismiss (ECF No. 43). The matter is presently before the Court on Plaintiff's objections to the Magistrate Judge's Orders and Report and Recommendation (ECF Nos. 44, 46, 48). For the reasons stated below, the Court denies the objections and issues this Opinion and Order.

    **I.**    **Objections to the Report and Recommendation**

On February 8, 2023, the Magistrate Judge issued an R & R, recommending that the Court grant Defendant's motion to dismiss (ECF No. 43). The Magistrate Judge first determined that

Plaintiff cannot seek relief from individuals who are not parties to the lawsuit (*id.* at PageID.114-115). To the extent Plaintiff intended to name the non-party individuals as defendants in this case, the Magistrate Judge determined that Plaintiff's claims were without merit (*id.* at PageID.115-116). Finally, the Magistrate Judge determined that Plaintiff failed to state a claim against Defendant because he failed to allege that his claim falls within Title VI (*id.* at PageID.117).

Plaintiff filed objections (ECF No. 44). Upon receiving an objection to the R & R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505, 508–09 (6th Cir. 1991)). A general objection that fails to specify the issues in contention equates to no objection. *Id.* Moreover, "an objection that does nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." *Brown v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017).

Plaintiff's objections fail to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion. Although Plaintiff disagrees with the Magistrate Judge's conclusion, he does not make any meaningful attempt to address the Magistrate Judge's analysis. Instead, Plaintiff makes conclusory allegations of judicial misconduct and criminal violations. The Court finds that Plaintiff's purported objections are without merit. Accordingly, Plaintiff's objections

are denied and the Magistrate Judge's February 8, 2023 R & R is adopted as the Opinion of the Court.

## II.     Objections to the Orders

On February 3, 2023, the Magistrate Judge issued an Order denying Plaintiff's motion for default judgment because the record established that Defendant filed a timely appearance and motion to dismiss (ECF No. 39). The same day, the Magistrate Judge issued a separate Order granting Defendant's motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure because Plaintiff engaged in objectively unreasonable conduct by filing a premature and baseless motion (ECF No. 40).

Plaintiff filed objections to both of the Magistrate Judge's Orders (ECF Nos. 46, 48). Like Plaintiff's objections to the R & R, Plaintiff again makes conclusory allegations of judicial misconduct and/or retaliation. These allegations are incoherent and baseless. In addition, Plaintiff rehashes the same argument in his objections that the Magistrate Judge extensively considered and rejected in the Orders. Objections are not a vehicle to rehash old arguments without explaining why the Magistrate Judge erred in rejecting the arguments. *Jarbou v. JPMorgan Chase Bank N.A.*, 611 F. App'x 342, 343-44 (6th Cir. 2015); *Owens v. Comm'r of Soc. Sec.*, No. 12-47, 2013 WL 1304470, *3 (W.D. Mich. March 28, 2013). Accordingly, Plaintiff's objections are denied and the Magistrate Judge's February 3, 2023 Orders are affirmed and adopted.

## III.    Reasonable Attorney's Fees

The Magistrate Judge determined that an appropriate Rule 11 sanction would be for Plaintiff to pay Defendant a reasonable attorney's fee for defending against Plaintiff's motion for default judgment (ECF No. 40 at PageID.108-109). The Magistrate Judge instructed defense counsel to submit an affidavit setting forth a reasonable attorney's fee incurred for defending

against Plaintiff's motion (*id.* at PageID.109). On February 24, 2023, defense counsel filed an affidavit and requests $1,804.00 in attorney's fees (ECF No. 53).

Upon finding that Rule 11 has been violated, "the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." FED. R. CIV. P. 11(c)(1). The determination of an appropriate sanction is a matter committed to the discretion of the district court. *See Runfola & Assocs., Inc. v. Spectrum Reporting II, Inc.*, 88 F.3d 368, 376 (6th Cir. 1996). "[T]he central purpose of Rule 11 is to deter baseless filing in district court . . . ." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).

The Court agrees with the Magistrate Judge that an appropriate sanction is a reasonable attorney's fee for defending against Plaintiff's motion. This sanction is necessary to deter future baseless filings. In addition, the Court finds that the requested attorney's fee of $1,804.00 is reasonable. The requested hourly rate of $205.00 is consistent with the prevailing rate in Western Michigan. *See* State Bar of Michigan, 2020 Economics of Law Practice in Michigan, 2020 Hourly Billing Rates by Field of Practice https://www.michbar.org/file/pmrc/articles/0000155.pdf. Moreover, 8.8 total hours is a reasonable number of hours for defending against Plaintiff's motion. Accordingly, the Court awards Defendant the requested attorney's fee of $1,804.00.

In sum, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court, adopts and affirms the Magistrate Judge's February 3, 2023 Orders, denies Plaintiff's objections, and awards Defendant an attorney's fee of $1,804.00.

A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58. The Court discerns no good-faith basis for appeal of this matter. *See McGore v.*

*Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007); 28 U.S.C. § 1915(a)(3).

Therefore:

**IT IS HEREBY ORDERED** that Plaintiff's objections (ECF Nos. 44, 46, 48) are DENIED.

**IT IS FURTHER ORDERED** the Report and Recommendation of the Magistrate Judge (ECF No. 43) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss (ECF No. 11) is GRANTED.

**IT IS FURTHER ORDERED** that the Court awards Defendant a reasonable attorney's fee of $1,804.00.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.


Dated:  April 28, 2023                                  /s/ Janet T. Neff
                                                        JANET T. NEFF
                                                        United States District Judge